UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TAPLICE STAPLETON,

                        Plaintiff,

                                                                       **ORDER**

       v.                                                         22-cv-004044 (JS) (JMW)

PRINCE CARPENTRY, INC., *et al.,*

                        Defendants.

-------------------------------------------------------------X

**A P P E A R A N C E S:**

David Zevin, Esq.
55 Cedar Drive
Roslyn, New York 11576
*Attorney for Plaintiff*

Adam G. Guttell, Esq.
Isaac S. Baskin, Esq.
**Jackson Lewis, P.C.**
58 South Service Road
Melville, NY 11747
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

      Before the Court is a joint letter motion (DE 14) concerning whether the deposition of Plaintiff should be taken remotely or in person. Defendants, who noticed the deposition for "in person" are insisting the deposition be taken as noticed, namely, in Defendants' counsel's offices in Melville, principally so that the questioner may "assess[] credibility". Plaintiff, on the other

1

hand, seeks to have the deposition taken remotely as she is trying "to minimize her possible exposure to Covid."

The Court held oral argument on the motion today.

In general, "the party noticing the deposition usually has the right to choose the location." *See Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20[1][b][ii] (same). Notwithstanding, the Court in its discretion has the authority to designate the location of depositions. *JB Aviation, LLC v. R Aviation Charter Servs., LLC,* No. CV 14-5175, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016); *see R.P. Family, Inc. v. Commonwealth Land Title Ins. Co.,* Nos. 10 CV 1149, 10 CV 1727, 2011 WL 6020154, at *1 (E.D.N.Y. Nov. 30, 2011); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 171 (S.D.N.Y. 1985). That is, under Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place. *See Sugarhill*, 105 F.R.D. at 171. The same is true for determining whether the deposition should be in person or remote.

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition. . . the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship. . . and conduct a careful weighing of the relevant facts.'" *Rouviere v. Depuy Orthopaedics, Inc.,* 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *RP Fam., Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149 (DLI)(CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011)).

Having considered the parties' submissions and heard oral argument on the relative prejudice and hardships, the Defendants' motion to compel the deposition of Plaintiff in person (DE 14 at 1-2) is granted, but with certain conditions.  Although concerned about contracting Covid, Plaintiff's application to have the deposition conducted remotely is not supported by evidence of the necessity to do so.  The hardships articulated are not, in this Court's view, sufficient to overcome the noticing party's right to conduct the deposition in person if that's the chosen path.  On the other hand, witness demeanor could, be assessed effectively by remote means.  Indeed, the "speaker" view on most remote platforms today provide the questioner with a much closer view of a witness's reactions, responses, facial expressions even arguably better than an in-person deposition would.  *Query, can one really assess witness credibility in a deposition better virtually, or in person if the witness appears masked?*

Accordingly, the deposition shall take place in person, but with the following conditions: *First,* the number of in-person participants in the deposition room shall be limited to Plaintiff's counsel, Defendants' counsel, Plaintiff and the court reporter.  If others seek to participate, remote arrangements for their attendance must be made.  *Second,* Defendants must take logistical precautionary measures as to room size, ventilation, distancing between participants and plexiglass

shields.  And *third*, if Plaintiff chooses to wear a mask at the deposition, the mask must be one that bears a clear unobstructed front so that demeanor may be assessed.[1]

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel the deposition of Plaintiff in person (DE 14 at 1-2) is granted, and Plaintiff's motion to have the deposition taken remotely (DE 14 at 2-3), is denied.

Dated: Central Islip, New York
       February 6, 2023

**S O   O R D E R E D:**

/S/ *James M. Wicks*
United States Magistrate Judge

---

[1] The CDC also recognizes the efficacy of clear masks under certain circumstances. *See, e.g.,*

