UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TAPLICE STAPLETON,

        Plaintiff,

-against-

PRINCE CARPENTRY, INC., *et al*,

        Defendants.
-------------------------------------------------------------X

**MEMORANDUM ORDER**

22-CV-4044 (NCM) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiff, Taplice Stapleton, commenced this suit against Defendants Prince Carpentry, Inc., Thomas Voss and John Punis alleging that she did not receive: (1) her earned wages because of her race and sex and (2) reasonable accommodations upon returning to work after sustaining injuries in a car accident. Thus, she alleges violations of § 194 of the New York Labor Law ("NYLL"), the New York Executive Law § 290 *et seq.*, the New York City Administrative Code § 8-101 *et seq.,* the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (*See* ECF Nos. 1 and 1-2.)

    Defendants now file a motion to reopen expert discovery to allow Defendants to depose Plaintiff's computer science expert witness and conduct any follow-up discovery from that deposition. (ECF No. 50 at 1.) This request is unopposed. (*Id.*) Defendants additionally request that the Court set a deadline for Defendants to submit a rebuttal expert report and to allow time for Plaintiff to depose that rebuttal expert. (*Id.*) Plaintiff, however, opposes this request. (*Id.*; ECF No. 53.) The Court heard oral argument today, and for the reasons therein as well as set

1

forth below, the Defendants' motion to reopen expert discovery to allow the deposition of Plaintiff's expert and conduct additional discovery is **GRANTED** but the request to identify and submit a rebuttal expert report is **GRANTED,** subject to the below limitations.

## BACKGROUND

Defendant Prince is a drywall and carpentry subcontracting company. (ECF No. 1-2 ¶ 5.) Defendants would hire staff personnel "who handled day-to-day operations, payroll, financial matters, personnel matters, compliance matters, etc." (*Id.* ¶ 6.) Defendants Voss and Punis were able to hire and fire employees and could alter the conditions of Plaintiff's employment. (*Id.* ¶¶ 8-9.)

Plaintiff is an African-American woman who began working for Defendants around 2003 until she was terminated in June 2019. (*Id.* ¶ 7.) She began as a receptionist but later assumed payroll duties around 2010 without an increase in pay. (*Id.* ¶¶ 10-11.) When personnel in the payroll department were terminated, she soon manned the entire payroll department without any change to her title or pay and earned far less than the two males that formerly worked in the payroll department. (*Id.* at ¶¶ 12-16, 22.)

Among her duties in payroll, Plaintiff was responsible for:

> processing weekly payroll; printing, processing, sorting and mailing checks; fraud prevention on bank website; balancing payroll; employee verification; maintenance of employee records; unemployment compensation processing, processing; processing minority reports; processing insurance reports; processing union benefits; computer entry of employee hours; and processing shop steward reports.

(*Id.* ¶ 17.) By the time she was terminated she received an annual salary of $62,000. (*Id.* ¶¶ 19, 22.)

After suffering injuries from an automobile accident around March 2018, Plaintiff became disabled and was unable to stand or walk for long periods of time and so informed the

Defendants. (*Id*. ¶¶ 25-28.) Around February or March 2019, she was given leave under the FMLA because of her injuries. (*Id*. ¶ 53.) She requested to return to work for 20 hours per week and work the remainder of her hours at home, if needed. (*Id*. ¶ 28.) She alleges her work could be performed indoors within 20 hours per week and would not have presented an undue hardship upon Defendants. (*Id*. ¶¶ 31-32, 48.) However, Plaintiff states that her request was denied and Defendants "failed to engage in the interactive dialog required by law in order to determine whether a reasonable accommodation could be made." (*Id*. ¶¶ 34, 37.) Defendants cited the handling of sensitive documents and answering in-office phone calls as the reasons for denial. (*Id*. ¶ 38.) These reasons, however, were inconsistent with past practice—Plaintiff had been able to work from home in the past and take-home sensitive documents. (*Id*. ¶ 41.) Further, Defendants have a call overflow system in which other personnel could pick up the calls if she was unable to do so. (*Id*. ¶ 45.) On June 14, 2019, around the time of the expiration of her FMLA leave, Defendants terminated Plaintiff. (*Id*. ¶¶ 60, 63.)

## PROCEDURAL BACKGROUND

Plaintiff filed suit with the Equal Employment Opportunity Commission in January 2020. (ECF No. 1-2 ¶ 50.) She was then allowed ninety days from the receipt of her Determination and Notice of Rights letter to file a lawsuit under the ADA. (*Id.*) Shortly thereafter, Plaintiff sued Defendants in the Queens County Supreme Court. (*See generally* ECF No. 1-2.) Defendants subsequently removed the case to federal court on July 11, 2022, with subject matter jurisdiction predicated on the existence of federal questions. (ECF No. 1 ¶ 8.)

The Court held an initial conference with the parties (ECF No. 12) and set a discovery schedule. (ECF No. 13.) The parties thereafter requested an extension of time to complete discovery (ECF No. 17) and had a failed settlement conference before the undersigned

3

(Electronic Order dated Dec. 1, 2023). The Court then re-set dates for discovery to be completed:

- Fact discovery to conclude on February 5, 2024
- The identification of case in chief experts and service of Rule 26 disclosures to conclude on February 8, 2024
- The identification of rebuttal experts and service of Rule 26 disclosures to conclude on March 1, 2024; and
- The close of all discovery was April 1, 2024.

(Electronic Order dated Dec. 8, 2023.)[1]

Defendants filed a motion *in limine* to strike the report and exclude trial testimony of Michael V. McConnell based on his lack of qualifications to testify as an expert on the subject matter—that is, computer connectivity related to Plaintiff's reasonable accommodation to work from home. (ECF No. 25.) Plaintiff opposed. (ECF No. 29.) The Hon. Natasha C. Merle denied the motion "insofar as it s[ought] to exclude Mr. McConnell's expert report and testimony based on his qualifications." (Electronic Order dated July 10, 2024.) She further directed the parties to file a joint letter regarding the status of settlement discussions. (*Id.*)

Defendants filed the instant motion to reopen expert discovery on August 5, 2024. (ECF No. 50.) The undersigned originally granted the requests. (Electronic Order dated Aug. 6, 2024.) However, Plaintiff opposed Defendants' request to identify and submit a rebuttal expert so the Court vacated its prior August 6th order and set a date for the opposition to be filed on ECF. (Electronic Order dated Aug. 7, 2024.) Plaintiff filed her opposition on August 9, 2024. (ECF No. 53.)

On August 8, 2024, Judge Merle later stated that she would address the parties' proposed mediation schedule on August 20 upon their filing a status report and additionally denied the

---

[1] Note that both parties have filed a pre-motion letter for their anticipated motions for summary judgment, which are both to be filed before Judge Merle (ECF Nos. 32 and 37.)

4

motion *in limine* with leave to renew if mediation proves unsuccessful. (Electronic Order Aug. 8, 2024.) On August 20, 2024, the parties recently filed a status report stating that they would be engaging in in-person mediation expected to take place in October 2024 and would further inform the Court on September 3, 2024 as to the specific date of mediation. (ECF No. 54.) Judge Merle granted this request. (Electronic Order dated Aug. 22, 2024.) The undersigned set a conference to discuss Defendants' motion to reopen discovery and Plaintiff's opposition as well as their settlement efforts. (Electronic Order dated Aug. 21, 2024.)

## THE DISPUTE

The parties request the Court to reopen expert discovery to allow Defendants to depose Plaintiff's computer science expert witness and conduct any follow-up discovery from that deposition. (ECF No. 50 at 1.) McConnell would testify that Plaintiff could work from home instead of going into the office and therefore Defendants could have provided Plaintiff with this reasonable accommodation. (ECF No. 53.) This request is **unopposed**. (ECF No. 50 at 1.) Defendants *additionally* request that the Court set a deadline for Defendants to submit a rebuttal expert report and allow Plaintiff to depose that rebuttal expert. (*Id.*) Defendants state that there is no prejudice upon Plaintiff if the Court were to grant this request and will not change the litigation theories in this case. (*Id.* at 2.) Rather, *Defendants* would be prejudiced if they are unable to retain a rebuttal expert. (*Id.* at 3.) However, Plaintiff opposes this request, stating that Plaintiff disclosed her expert witness on February 8, 2024 and Defendants never deposed the witness but instead made a motion *in limine* to strike this expert's testimony and did *not*, at that time, request permission to retain a rebuttal expert if the motion were to be denied. (ECF No. 53.) Along with outlining the frivolousness of Defendants' motion *in limine*, Plaintiff states that the Defendants thus have exercised a lack of diligence in failing to request permission to present

5

a rebuttal expert when they have had multiple opportunities to do so and have thus "waived their right to the relief requested." (*Id.*)

## LEGAL STANDARD

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' the trial court may consider whether additional discovery would yield dispositive evidence." *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)).

Courts apply a six-part test when faced with an eleventh-hour request such as this to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515.

## DISCUSSION

**A. Request #1: Reopening Expert Discovery to Allow Defendants to Depose McConnell and Conduct Follow-Up Discovery from that Deposition**

Applying the *Moroughan* factors militates reopening discovery here. As to the *first* factor, trial is not imminent, as the parties have recently moved for summary judgment and a briefing schedule has not yet been set. (*See* ECF Nos. 32 and 37); *cf. Herbert v. Lynch*, 22-cv-6303 (NSR) (VR), 2024 U.S. Dist. LEXIS 26208, at *4 (S.D.N.Y. Feb. 14, 2024) (denying

request to reopen discovery in part because doing so would delay briefing the anticipated motion for summary judgment). As to the *second* and *third* factors, Plaintiff does not oppose McConnell's deposition or any associated discovery to be conducted thereafter.

Regarding the *fourth* and *fifth* factors, Defendants were somewhat "diligent in engaging in expert discovery" given that they promptly requested to reopen expert discovery upon the Hon. Natasha C. Merle's denial of Defendants' motion *in limine* to strike the expert report and testimony on July 10th. (ECF No. 50 at 2-3.) However, as Plaintiff pointed out, Defendants noticed McConnell's deposition for March 18, 2024 but decided not to take it. (ECF No. 53 at 1.) As to the *final* factor, Plaintiff's expert will discuss evidence relevant to Plaintiff's failure to accommodate claims under the ADA and NYSHRL. *Cf. Lopez v. Ramos,* No. 11-cv-07790 (NSR), 2013 U.S. Dist. LEXIS 181388, at *13 (S.D.N.Y. Dec. 30, 2013) (denying plaintiff's motion to reopen discovery because trial was imminent and defendant would have to incur expenses to conduct additional depositions which could have been avoided, and it was additionally unclear what that witness would add to the record). Plaintiff submits this expert's testimony to demonstrate that Defendants could have implemented a system to enable her to work from home as an accommodation for her alleged disability. (ECF No. 50 at 3.) Furthermore, deposing McConnell now would (1) clarify whether he is indeed competent to testify at trial, which could eliminate Defendants' need to pursue a motion *in limine* to strike his report and testimony and (2) likely be fruitful for settlement discussions, as McConnell could lend information as to whether Plaintiff's accommodation was reasonable and feasible.

Accordingly, the parties have demonstrated good cause to reopen discovery to depose and conduct additional post-deposition discovery for McConnell. McConnell's deposition shall be taken on or before September 20, 2024.

7

### B. Request #2: Reopening Discovery to Allow Time for Defendants to Submit a Rebuttal Expert Report and Conduct Discovery for that Expert and for Plaintiff to Depose that Rebuttal Expert

Defendants next request that they be allowed to submit a rebuttal expert report and conduct additional discovery regarding that expert as well as allow time for Plaintiff to depose this expert. (ECF No. 50.) Plaintiff opposes this request. (ECF No. 53.)

The information from the rebuttal expert would likely lead to relevant evidence because he or she would either agree with or contradict McConnell's deposition testimony or discovery therefrom. Further, the rebuttal expert's testimony and discovery could be especially helpful for settlement discussions and making reasonable demands as well as fruitful for Defendants to determine whether they would still like to pursue their motion in *limine* before Judge Merle. *See Doss v. Hartford Life & Accident Ins. Co.,* No. 1:20-cv-00907-BAK (SKO), 2022 U.S. Dist. LEXIS 174366, at *9 (E.D. Cal. Sept. 26, 2022) (granting motion to reopen expert discovery in part because "Plaintiff's ability to take those depositions depended on the Court's resolution of the Motions").

Nevertheless, Plaintiff does assert that Defendants were not diligent and would be prejudiced if the Court were to grant this request as it was abundantly clear when the Court first issued its discovery schedule that Defendants would need a rebuttal expert. (ECF No. 53 at 1.) Further, Defendants did not depose McConnell when they had the opportunity to do so— deposing McConnell on the scheduled date could have better informed Defendants that they needed a rebuttal expert. Defendants also had an additional opportunity to seek to retain a rebuttal expert when they filed their motion *in limine*, but they did not. *See Moore v. Peters,* 341 F.R.D. 463, 472-73 (W.D.N.Y. 2022) (finding factor weighed against movant where he did not seek to depose plaintiff and years of discovery had already passed); *Carroll v. Trump*, 20-cv-

8

7311 (LAK), 2023 U.S. Dist. LEXIS 205533, at *12 (S.D.N.Y. Nov. 16, 2023) (stating that defendant had enough time before the close of discovery to find a rebuttal expert).  Here, the case opened in July 2022 and expert discovery closed in April 2024 and allowing a rebuttal expert at this juncture would delay the case's final resolution.  *See Gotlin v. Lederman,* 04-CV-3736, 2009 U.S. Dist. LEXIS 78818, 2009 WL 2843380, at *6 (E.D.N.Y. Sept. 1, 2009) ("[A]bsent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery."); *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted) ("A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery.").

However, given the prejudice upon Defendants if the Court were to deny Defendants' request, Defendants shall have the opportunity to designate a rebuttal expert.  The designation of the identity of the rebuttal expert shall be done no later than September 13, with the report to be served by September 27, 2024.  In addition, since the undersigned finds manifest injustice with the delay in designating a rebuttal expert, pursuant to Fed. R. Civ. P. 26(b)(4)(E), the costs for the rebuttal expert deposition shall be apportioned as follows:  Plaintiff = 1/3 and Defendant = 2/3.  *See King v. Davis*, 8:20-CV-0849 (FJS/DJS), 2023 WL 8468595 (N.D.N.Y. Dec. 7, 2023) (Stewart, M.J.) (similarly apportioning expert deposition fees).

## **CONCLUSION**

For the foregoing reasons, the first *unopposed* request to depose and allow post-deposition discovery is granted.  McConnell's deposition shall take place on or before **September 20, 2024.**  As to the second request regarding Defendants' rebuttal expert, the request is also granted, subject to the following:

9

- Defendants shall designate a rebuttal expert on or before **September 13, 2024**; Defendants' rebuttal expert's report shall be served upon Plaintiff on or before **September 27, 2024.**

- Plaintiff's deposition of the rebuttal expert shall take place on or before **October 18, 2024;**

- Plaintiff shall bear 1/3 of the expert's fees for attendance of any deposition, and Defendant shall bear 2/3 of the expert's fees.

Dated: Central Islip, New York

August 26, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge